263 S.W.3d 394 (2008)
In the Interest of S.T., a Child.
No. 10-07-00306-CV.
Court of Appeals of Texas, Waco.
May 28, 2008.
*396 Donald Taylor, Navasota, pro se.
Bill R. Turner, Brazos County Dist. Atty., Bryan, for respondent.
Jami G. Lowry, Franklin, for ad litem.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

OPINION
FELIPE REYNA, Justice.
Donald Taylor appeals from a decree terminating his parental rights with respect to his daughter S.T.[1] In a post-judgment hearing under section 263.405(g) of the Family Code, the trial court determined that Donald's appeal is frivolous, and Donald challenges that determination. See TEX. FAM.CODE ANN. § 263.405(g) (Vernon Supp.2007); In re S.T., 242 S.W.3d 923, 926 (Tex.App.-Waco 2008, order) (per curiam); In re K.D., 202 S.W.3d 860, 866 (Tex.App.-Fort Worth 2006, no pet.). We will affirm the court's determination that the appeal is frivolous and the court's decree terminating Donald's parental rights.

Procedural Background
Following a bench trial, the court rendered judgment terminating the parent-child relationship between Donald and S.T. The decree recites affirmative findings on four predicate grounds for termination: (1) knowingly placing or allowing the child to remain in dangerous conditions or surroundings; (2) engaging in conduct or knowingly placing the child with persons who engaged in conduct which endangered the child; (3) failing to support the child in accordance with his ability; and (4) failing to comply with the provisions of a court order establishing the actions necessary for the return of the child. See TEX. FAM. CODE ANN. § 161.001(D), (E), (F), (O) (Vernon Supp.2007).
*397 The court's "Amended Findings of Fact and Conclusions of Law" largely correspond to the findings in the decree except that there is no express finding on the fourth predicate ground recited in the decree. Because of this conflict, the findings control over the judgment. See TEX.R. CIV. P. 299a; In re R.J.P., 179 S.W.3d 181, 184 n. 3 (Tex.App.-Houston [14th Dist.] 2005, no pet.); In re E.A.C., 162 S.W.3d 438, 442 (Tex.App.-Dallas 2005, no pet.); Capital Senior Mgmt. 1, Inc. v. Tex. Dep't of Human Servs., 132 S.W.3d 71, 74 n. 3 (Tex.App.-Austin 2004, pet. denied).
And because the amended findings are more specific, they supersede the "Findings of Fact and Conclusions of Law and Rulings" which the court had signed two weeks before it signed the decree.[2]See Barclay v. C.C. Pitts Sand & Gravel Co., 387 S.W.2d 644, 647 (Tex.1965); Isern v. Watson, 942 S.W.2d 186, 191 (Tex.App.-Beaumont 1997, pet. denied); Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley Auth., 876 S.W.2d 940, 960 (Tex.App.-Beaumont 1994, writ denied); Lawson v. Lawson, 828 S.W.2d 158, 161 (Tex.App.-Texarkana 1992, writ denied); see also 4 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 20:6, at 22-23 (2d ed.2001).
Donald timely filed a statement of points for appeal and a supplemental statement of points within fifteen days after the court signed the judgment. See TEX. FAM.CODE ANN. § 263.405(b)(2) (Vernon Supp.2007). The first four of those points[3] read as follows:
1. The Trial Court erred when it terminated Donald Taylor's parental rights to [S.T.] under Texas Family Code Section 161.001(1)(D) because the evidence is factually insufficient, and the findings in the judgment are legally insufficient, to support the claim that Donald Taylor knowingly placed or knowingly allowed his daughter [S.T.] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child.
2. The Trial Court erred when it terminated Donald Taylor's parental rights to [S.T.] under Texas Family Code Section 161.001(1)(E) because the evidence is factually insufficient, and the findings in the judgment are legally insufficient, to support the claim that Donald Taylor engaged in conduct or knowingly placed [S.T.] with persons who engaged in conduct which endangers the physical or emotional well-being of the child.
3. The Trial Court erred when it terminated Donald Taylor's parental rights to [S.T.] under Texas Family Code Section 161.001(1)(F) because the evidence is factually insufficient, and the findings in the judgment are legally insufficient, to support the claim that Donald Taylor failed to support the child in accordance with the parent's ability during a period *398 of one year ending within six months of the date of the filing of the petition.
4. The Trial Court erred when it terminated Donald Taylor's parental rights to [S.T.] under Texas Family Code Section 161.001(1)(O) because the evidence is factually insufficient, and the findings in the judgment are legally insufficient, to support the claim that Donald Taylor failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing Conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.
The trial court reviewed Donald's points and determined that his appeal is frivolous.[4]See TEX. FAM.CODE ANN. § 263.405(d)(3) (Vernon Supp.2007). The court ruled that the four points quoted above "are without merit and are frivolous as a substantial issue for appellate review has not been presented as required by Texas Family Code § 263.405(i)."
Donald contends that none of these four points is frivolous. Thus, he prays that this Court "reverse the order of the trial court finding his appeal frivolous and either reverse the order terminating appellant's parental rights or permit briefing on the merits of the appeal."

Standard of Review
Section 263.405(d)(3) requires a trial court to determine whether "the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code." Id. § 263.405(d)(3). Section 13.003(b) of the Civil Practice and Remedies Code provides, "In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(b) (Vernon 2002).
We review the court's decision under an abuse-of-discretion standard. In re M.N.V., 216 S.W.3d 833, 834 (Tex.App.-San Antonio 2006, no pet.); K.D., 202 S.W.3d at 866; In re H.D.H., 127 S.W.3d 921, 923 (Tex.App.-Beaumont 2004, no pet.). "An appeal is frivolous when it lacks an arguable basis in law or in fact." M.N.V., 216 S.W.3d at 834 (citing De La Vega v. Taco Cabana, Inc., 974 S.W.2d 152, 154 (Tex.App.-San Antonio 1998, no pet.));[5]accord K.D., 202 S.W.3d at 866; H.D.H., 127 S.W.3d at 923.

Adequacy of Statement of Points
The Department contends that Donald's stated points are too general to satisfy the requirements of section 263.405(i). See TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2007). That statute provides in pertinent part, "[A] claim that a judicial decision is contrary to the evidence or that the evidence is factually *399 or legally insufficient is not sufficiently specific to preserve an issue for appeal." Id.
The Department cites a decision by this Court and one by the Fourteenth Court of Appeals in which general statements of points were held insufficient.[6]See In re J.W.H., 222 S.W.3d 661 (Tex.App.-Waco 2007, no pet.); In re C.M., 208 S.W.3d 89 (Tex.App.-Houston [14th Dist.] 2006, no pet.). In J.W.H., the appellant's statement of points asserted that the Department "did not meet the burden of proof at trial required for the termination of [Herrington's] parental rights." J.W.H., 222 S.W.3d at 662. We held that this statement was not sufficiently specific to satisfy section 263.405(i). Id.
In C.M., the appellant did not even file a statement of points, but the court of appeals briefly addressed a statement contained in her notice of appeal which read, "Crystal Doyle desires to appeal from all portions of the judgment." C.M., 208 S.W.3d at 92 n. 3. The Fourteenth Court held that this statement was not sufficiently specific to satisfy section 263.405(i). Id.
Here, Donald contends in each of his four points that "the evidence is factually insufficient, and the findings in the judgment are legally insufficient" to support the predicate finding for termination addressed in that point. We construe these to be complaints that there is factually insufficient evidence to support each of the trial court's four predicate findings for termination of his parental rights. Because each of the points is addressed to a particular predicate finding, we hold that they are sufficiently specific to preserve these issues for appellate review under section 263.405(i).

Dangerous Conduct
Donald contends in his second point that the evidence is factually insufficient to support the court's finding under section 161.001(1)(E) that he engaged in conduct which endangered S.T.'s physical or emotional well-being.
At the section 263.405(d) hearing, the Department asked the trial court to "take judicial notice of the trial and all of the hearings that preceded the trial." Donald objected to this request arguing that there was no way he could challenge the veracity of the Department's assertions regarding the trial testimony without a transcript of those proceedings. The court overruled Donald's objection and declared that it was taking judicial notice of the trial and all prior hearings. Because the court took judicial notice of the prior proceedings, we will examine the testimony in the trial record to evaluate whether the court abused its discretion by finding Donald's first point to be frivolous.[7]See In re S.T., 239 S.W.3d 452, 464 (Tex.App.-Waco 2007, order) (Gray, C.J., dissenting).
The Supreme Court has set forth the applicable standard of review for a factual insufficiency complaint in a parental-rights termination case.

*400 [A]s we explained in In re C.H., a court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. We also explained in that opinion that the inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.
In re J.F.C., 96 S.W.3d 256, 266 (Tex.2002) (quoting In re C.H., 89 S.W.3d 17, 25 (Tex.2002)) (footnotes omitted).
Although the factual sufficiency of the evidence is not the immediate complaint under review, we must bear this standard in mind when evaluating whether Donald's second point has an arguable basis in law or in fact. Thus, the issue before us is whether the court abused its discretion by determining that the evidence is such that a factfinder could have reasonably formed a firm belief or conviction that the Department's allegations are true. See K.D., 202 S.W.3d at 867-68.
In Findings of Fact Nos. 17 and 18, the court found that Donald's rights should be terminated under section 161.001(1)(E) because he committed "violent acts in the presence of [S.T.]" and he committed unspecified "criminal acts." In Finding of Fact No. 21(b), the court generally found that Donald's rights should be terminated under this statutory ground because he "engaged in conduct or knowingly placed the child, [S.T.], with persons who engaged in conduct which endangers the physical or emotional well-being of the child."
The court's specific findings recited in Findings of Fact Nos. 17 and 18 control over the court's more general finding in Finding of Fact No. 21(b).[8]See Barclay, 387 S.W.2d at 647; Isern, 942 S.W.2d at 191; Lawson, 828 S.W.2d at 161; see also 4 MCDONALD & CARLSON, § 20:6, at 23. Therefore, we will examine the record to see whether there is factually sufficient evidence to support the court's findings that Donald endangered S.T. by committing "violent acts in the presence of [S.T.]" or unspecified "criminal acts."
With regard to the court's finding that Donald's "criminal acts" justify termination of his parental rights, Donald argues that there is no evidence how any of the charges against him may have affected S.T.
A parent may be found to have engaged in conduct which endangers a child even if that conduct is not directed toward the child. Tex. Dep't of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987); Vasquez v. Tex. Dep't of Protective & Regulatory Servs., 190 S.W.3d 189, 195 (Tex.App.-Houston [1st Dist.] 2005, pet. denied); In re S.A.P., 169 S.W.3d 685, 702 (Tex.App.-Waco 2005, no pet.). The requisite endangerment may be found if the evidence shows a course of conduct by the parent which has the effect of endangering the child. Boyd, 727 S.W.2d at 534; Vasquez, 190 S.W.3d at 195; S.A.P., 169 S.W.3d at 702.
*401 Imprisonment standing alone will not satisfy this test. Boyd, 727 S.W.2d at 533; In re W.A.B., 979 S.W.2d 804, 807 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); Harris v. Herbers, 838 S.W.2d 938, 942 (Tex.App.-Houston [1st Dist.] 1992, no writ). But evidence of imprisonment may be considered with other evidence tending to establish that the parent has engaged in a course of conduct which has the effect of endangering the child, and collectively such evidence can support a finding to this effect. Boyd, 727 S.W.2d at 534; W.A.B., 979 S.W.2d at 807; Harris, 838 S.W.2d at 942. A court may properly consider evidence of conduct both before and after the child's birth in determining whether the relevant course of conduct has been established. Toliver v. Tex. Dep't of Family & Protective Servs., 217 S.W.3d 85, 98 (Tex.App.-Houston [1st Dist.] 2006, no pet.); S.A.P., 169 S.W.3d at 703; In re U.P., 105 S.W.3d 222, 234 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Evidence of illegal drug use by the parent is often cited as conduct which will support an affirmative finding that the parent has engaged in a course of conduct which has the effect of endangering the child. See, e.g., Toliver, 217 S.W.3d at 98; In re T.C., 200 S.W.3d 788, 794 (Tex.App.-Fort Worth 2006, no pet.); U.P., 105 S.W.3d at 234.
At the time of the termination trial, Donald had charges pending against him for evading arrest in a vehicle, tampering with evidence (destruction of marihuana), and possession of marihuana. He had prior arrests for reckless driving, aggravated assault, unlawfully carrying a weapon, and terroristic threat. In addition, he had federal convictions for possession of marihuana with intent to distribute and firearms violations.
One month after Donald was arrested on the pending charges (and eight months after the Department instituted these proceedings), he took a drug test which indicated that he had used marihuana. He refused a second drug test which was requested by the Department two months later.
Donald testified that there is no substance to the current charges against him. The tampering with evidence charge is based on allegations that he swallowed marihuana to avoid being arrested for possessing it. According to Donald, he was taken to a hospital on the night of his apprehension "and they took tests and they did not find any evidence" that he had swallowed any marihuana. He denied that any marihuana was recovered from his car on that occasion. He testified that he had not smoked marihuana for about fifteen months before trial. He contended that his positive test result was a false positive due to his use of ibuprofen at the time of the test.
The trooper who apprehended Donald on the current charges testified about the facts leading to Donald's apprehension, and a video recording of the stop was admitted in evidence. The trooper's attention was called to Donald's car because it did not have a front license plate. He turned around and activated his overhead lights and siren to stop the car. Donald slowed down but continued driving erratically for about two miles, even though there was an improved shoulder on the highway where he could have pulled over and stopped.
As the "chase" ensued, the trooper noticed Donald throwing things out of the driver's window. After Donald stopped and he approached the car, he observed Donald doing something which appeared "as if he were eating the last potato chips out of a bag." Because he had observed Donald making several movements toward the passenger side of the car, he was *402 concerned that Donald might be armed, so he ordered Donald to exit the car at gunpoint. After cuffing Donald, the trooper forced him to open his mouth and observed marihuana remnants, leading him to believe that Donald had swallowed a quantity of marihuana.
During a search of Donald's car, the trooper found three plastic bags containing marihuana residue which appeared to have been ripped open by someone's teeth. He viewed this as consistent with his theory that Donald had swallowed a quantity of marihuana. He also found two bags of marihuana which subsequent testing revealed to contain 13.68 grams, a partially smoked marihuana roach in the ashtray, and a cardboard box containing a dozen small plastic baggies which had not yet been used.
To summarize, the Department presented evidence of Donald's involvement in marihuana trafficking both before S.T. was removed from the home and after.[9] The record also contains evidence that Donald personally used marihuana both before and after S.T.'s removal. The evidence that Donald engaged in this conduct after S.T.'s removal (and in violation of his 2006 deferred adjudication community supervision for evading arrest in a vehicle) is an additional factor supporting the decision to terminate because it constitutes evidence that Donald continued to engage in conduct even though his parental rights were in jeopardy. See Toliver, 217 S.W.3d at 100; Vasquez, 190 S.W.3d at 196; In re J.T.G., 121 S.W.3d 117, 126-27 (Tex.App.-Fort Worth 2003, no pet.); Harris, 838 S.W.2d at 942.
The evidence of Donald's criminal conduct, and in particular his involvement with marihuana, is such that the trial court as factfinder could have reasonably formed a firm belief or conviction that Donald engaged in conduct which endangered S.T.'s physical and emotional well-being. See K.D., 202 S.W.3d at 868; see also J.F.C., 96 S.W.3d at 266. Therefore, we hold that the court did not abuse its discretion by determining that Donald's appeal is frivolous. See K.D., 202 S.W.3d at 868. Accordingly, we overrule Donald's second point.

Remaining Grounds for Termination
The trial court's findings of fact contain affirmative findings on three predicate grounds for termination of Donald's parental rights. Because we have found the evidence factually sufficient to support the finding that Donald engaged in conduct which endangered S.T.'s physical and emotional well-being, we need not address the sufficiency of the evidence to support the other two predicate grounds. See In re T.N.F., 205 S.W.3d 625, 629 (Tex.App.-Waco 2006, pet. denied).
For termination of the parent-child relationship, the factfinder must make an affirmative finding: (1) on at least one predicate ground for termination; and (2) that *403 termination is in the best interest of the child. See TEX. FAM.CODE ANN. § 161.001 (Vernon Supp.2007). The eighth point in Donald's statement of points which he filed with the trial court asserts that the evidence is factually insufficient to support the court's finding the termination is in S.T.'s best interest. The trial court determined in the section 263.405(d) hearing that Donald's eighth point "is without merit and frivolous." Because Donald does not challenge this ruling in his appellant's brief, we do not address the sufficiency of the evidence to support the best-interest finding or the court's determination that Donald's eighth point is frivolous. See In re D.M., 244 S.W.3d 397, 403 (Tex.App.-Waco 2007, no pet.) (Reyna, J., concurring) ("It is well-settled that this Court cannot address an issue in a civil appeal which has not been raised as an issue or point of error in the appealing party's brief.").

Appropriate Disposition
The primary results of a trial court's determination under section 263.405(d) that an appeal is frivolous are: (1) the appellant cannot obtain a complete copy of the appellate record without paying for it himself; and (2) his appeal is limited to the issue of whether the court abused its discretion in making this determination. See TEX. FAM.CODE ANN. § 263.405(g); S.T., 242 S.W.3d at 926; K.D., 202 S.W.3d at 865. But section 263.405 does not, on its face, prohibit an appellant from paying for the preparation of the appellate record himself and pursuing an appeal on the merits, even when the trial court has determined that the appeal is frivolous.
Apparently for this reason, the Austin Court recently affirmed a trial court's frivolousness determination but left open the possibility that the appellant may choose to proceed on the merits. See Vallejo v. Tex. Dep't of Family & Protective Servs., No. 03-07-00003-CV, slip op. at 6 (Tex. App.-Austin April 18, 2008, order) (not designated for publication). The court stated, "This decision is not a final determination on the merits and does not foreclose Vallejo from presenting this argument on appeal. This order only affirms the trial court's finding that the appeal is frivolous, which denies him the right to a free record on appeal." Id.
However, most courts which have affirmed such frivolousness determinations have contemporaneously affirmed the underlying decree. See, e.g., In re B.P., No. 04-07-00695-CV, 2008 WL 859255, *1, 2008 WL 859255, at *2 (Tex.App.-San Antonio April 2, 2008, no pet. h.) (mem. op.); In re R.A.P., No. 14-06-00109-CV, 2007 WL 174376, at *3 (Tex.App.-Houston [14th Dist.] Jan. 25, 2007, pet. denied) (mem. op.); K.D., 202 S.W.3d at 869. We believe this is the correct approach.
By enacting section 263.405, the Legislature established an intricate procedure for obtaining appellate review. In addition to establishing an expedited schedule, the statute serves three primary functions: (1) it provides a procedure for establishing indigence on appeal, subject to appellate review; (2) it provides a procedure for an initial screening of the merits of the appeal by the trial court, subject to appellate review; and (3) it provides a statutory preservation-of-error requirement. See In re R.J.S., 219 S.W.3d 623, 625-26 (Tex. App.-Dallas 2007, pet. denied) (discussing purposes of section 263.405).
The first function is of concern only in appeals by indigent parties. The latter two apply to all appeals governed by section 263.405. Therefore, in every appeal governed by section 263.405, the following procedures must be followed:

*404 (1) the appellant must file a statement of points for appeal with the trial court within 15 days after the termination decree is signed; see TEX. FAM.CODE ANN. § 263.405(b)(2);
(2) the trial court must hold a hearing within 30 days after the decree is signed to determine whether the appeal is frivolous; Id. § 263.405(d)(3);
(3) if the trial court determines that the appeal is not frivolous, then the appellant may proceed with an appeal on the merits of the issues presented in the statement of points; Id. § 263.405(i);
(4) if the trial court determines that the appeal is frivolous, then the appellant may appeal that determination; Id. § 263.405(g); see also S.T., 239 S.W.3d at 454-55 (discussing procedures for perfecting such an appeal).
The statute does not address what happens after an appeal to determine whether the appeal is frivolous. Rather, it provides that "[t]he appellate court shall render appropriate orders after reviewing the records and appellate briefs, if any." TEX. FAM.CODE ANN. § 263.405(g).
The San Antonio Court, after reversing a frivolousness determination, ordered the parties to file briefs on the merits. See In re M.N.V., 216 S.W.3d 833, 835 (Tex.App.-San Antonio 2006), disp. on merits, 2007 WL 56605 (Tex.App.-San Antonio Jan. 10, 2007, no pet.) (mem. op). The Fort Worth Court took similar action in an order not designated for publication. See In re P.L.S., No. 02-04-00402-CV, 2006 WL 2309594, at *1 (Tex.App.-Fort Worth Aug. 10, 2006, no pet.) (mem. op.) (describing previous order in which the court "held that the trial court abused its discretion in finding Julie's appeal frivolous, we reversed the order in part and allowed Julie to appeal from the trial court's termination order."). But what "appropriate orders" are available if the frivolousness determination is affirmed?
It must be remembered that the appeal is limited to the issues presented in the statement of points. See TEX. FAM.CODE ANN. § 263.405(i); In re C.M., 208 S.W.3d 89, 92 (Tex.App.-Houston [14th Dist.] 2006, no pet.); In re S.E., 203 S.W.3d 14, 15 (Tex.App.-San Antonio 2006, no pet.); In re D.A.R., 201 S.W.3d 229, 231 (Tex. App.-Fort Worth 2006, no pet.). Thus, if a trial court determines that such an appeal is frivolous, the court necessarily has determined that each of the issues presented in the statement of points is frivolous. To overcome this adverse determination and have an appeal on the merits, the appellant must establish that a sufficient number of the issues presented are not frivolous (i.e., have an arguable basis in law or in fact) as to warrant further review.
Here, for example, because Donald's points challenge the factual sufficiency of the evidence, he must have established at a minimum that none of his points challenging the sufficiency of the evidence to support the predicate grounds for termination is frivolous. Having failed to make that showing, review on the merits could also be possible if Donald established that his point challenging the sufficiency of the evidence to support the best-interest finding is not frivolous. Stated another way, Donald must establish that the evidence is factually insufficient to support: (1) any of the predicate grounds for termination; and/or (2) the best-interest finding.
However, we have determined that the evidence is factually sufficient to support one of the predicate grounds for termination, and Donald does not challenge the court's best-interest finding in this appeal. Nor has Donald challenged the trial court's determination that his other three points alleging trial errors are frivolous. Therefore, the court's determination that these *405 points are frivolous stands, and Donald may not circumvent the procedures established by section 263.405 to obtain appellate review on the merits of these points, even if he does so at his own expense. See Moroch v. Collins, 174 S.W.3d 849, 861 (Tex.App.-Dallas 2005, pet. denied) (unchallenged findings are binding on appeal); Cooper v. Cooper, 176 S.W.3d 62, 64 n. 1 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (same).

Conclusion
The court did not abuse its discretion by determining that Donald's appeal is frivolous insofar as he challenges the factual sufficiency of the evidence to support the predicate ground for termination that he engaged in conduct which endangered S.T.'s physical and emotional well-being. Donald does not challenge the court's finding that his appeal is frivolous insofar as he challenges the factual sufficiency of the evidence to support the court's finding that termination of the parent-child relationship is in S.T.'s best interest. Therefore, we affirm the order determining that Donald's appeal is frivolous and the underlying decree terminating his parental rights.
Chief Justice GRAY concurring with note.[*]
NOTES
[1] The Department of Family and Protective Services instituted this suit on behalf of S.T. and her stepsister B.T. S.T. and B.T. have the same mother, Theresa Robinson, but different fathers. Neither Robinson nor the other father, Shaun Taylor, has appealed the termination of their parental rights. According to the testimony, Donald and Shaun are not related.
[2] The court's original Finding of Fact No. 5 recited in pertinent part, "The Court finds the Petitioner has proven grounds against Donald Taylor in paragraphs 1, 2, 3 and 6 of the First Amended Petition filed June 4, 2007."
[3] Donald included three additional points in his original statement of points and one supplemental point in a separate pleading, claiming: (1) he was denied effective assistance of trial counsel; (2) the court abused its discretion by filing findings of fact and conclusions of law before entry of judgment; (3) the court abused its discretion by failing to appoint counsel under section 107.013 of the Family Code; and (4) "the evidence is factually insufficient, and the findings in the judgment are legally insufficient, to support" the court's finding that termination is in S.T.'s best interest. Donald does not address these points in his brief.
[4] The trial court also determined that Donald failed to establish indigence. See TEX. FAM. CODE ANN. § 263.405(d)(2) (Vernon Supp. 2007). We reversed that determination in a prior order and abated the appeal for the trial court to appoint appellate counsel for Donald. See In re S.T., 239 S.W.3d 452, 457 (Tex.App.-Waco 2007, order) (per curiam).
[5] The San Antonio Court derived this test for frivolousness from the decision of the Supreme Court of the United States in Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989) (claim under 28 U.S.C. § 1915 "is frivolous where it lacks an arguable basis either in law or in fact").
[6] The Department also cites several memorandum opinions in which the courts reached a similar conclusion. However, these opinions do not vary appreciably from the two decisions mentioned hereinabove. Therefore, we will not address them. See TEX.R.APP. P. 47.7 ("Opinions not designated for publication by the court of appeals under these or prior rules have no precedential value.").
[7] But see Paradigm Oil, Inc. v. Retamco Operating, Inc., 161 S.W.3d 531, 539-40 (Tex. App.-San Antonio 2004, pet. denied) ("the trial court cannot take judicial notice of testimony from a previous proceeding at a subsequent proceeding unless the testimony is admitted into evidence at the subsequent proceeding").
[8] In Finding of Fact No. 21(b), the court found that Donald "engaged in conduct or knowingly placed the child [S.T.] with persons who engaged in conduct which endangers the physical or emotional well-being of the child."
[9] Although the testimony regarding Donald's current charges indicates that he is charged with "mere possession" of marihuana, the trial court could reasonably infer from the trooper's testimony that Donald possessed marihuana with the intent to distribute same. Compare TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003) (defining delivery of a controlled substance as occurring when actor "delivers or possesses with intent to deliver a controlled substance"), with id. § 481.120 (Vernon 2003) (defining delivery of marihuana as occurring only when actor "delivers marihuana"); see also Prather v. State, 238 S.W.3d 399, 402 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd) (evidence sufficient to prove defendant possessed cocaine with intent to deliver where two bags of cocaine were found in his pocket and one of those bags contained 16 smaller bags of what appeared to be single-use amounts of cocaine).
[*] ("Chief Justice Gray concurs in the judgment to the extent that it determines the trial court did not abuse its discretion in deciding that an appeal of the issues raised in the statement of points was frivolous. A separate opinion will not issue.")