IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00108-CV

 

In the
Interest of J.M., L.M., and K.M., Children

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 07-001211-CV-361

 



MEMORANDUM  Opinion










 

            The trial court’s judgment terminated
the parental rights of the mother and father to their three children.  A 30 day
hearing was held pursuant to the Texas Family Code.  Tex. Fam. Code Ann. § 263.405(d) (Vernon Supp. 2007).  The
trial court determined that the appeal on the statement of points that had been
filed was frivolous.  We are to review the trial court’s determination that the
appeal is frivolous.  Tex. Fam. Code Ann.
§ 263.405(g) (Vernon Supp. 2007).  The statute does not require briefing on the
issue and prohibits oral argument, apparently for the purpose of expediting
this review and determination.  Id.  We do not need briefing on the
issue in this proceeding.[1]

            The statement of points raised by the
mother and father are exactly the same.  They are as follows:

            1.  The trial court erred when it
terminated mother’s/father’s parental rights to the children under Texas Family
Code Section 161.001(1)(D) because the evidence is factually insufficient, and
the findings in the judgment are legally insufficient, to support the claim
that mother/father knowingly placed or knowingly allowed the children to remain
in conditions or surroundings which endanger the physical or emotional
well-being of the children.  

 

            2.  The trial court erred when it
terminated mother’s/father’s parental rights to the children under Texas Family
Code Section 161.001(1)(E) because the evidence is factually insufficient, and
the findings in the judgment are legally insufficient, to support the claim
that mother/father engaged in conduct or knowingly placed the children with
persons who engaged in conduct which endangers the physical or emotional
well-being of the child.  

 

            3.  The trial court erred when it
terminated mother’s/father’s parental rights to the children under Texas Family
Code Section 161.001(2) because the evidence is factually insufficient, and the
findings in the judgment are legally insufficient, to support the claim that
termination of mother’s/father’s parental rights to the children is in the
child’s best interest.

 

            4.  Mother/Father was denied her/his
Due Process rights under the United States Constitution due to ineffective
assistance of her/his court-appointed attorney, whose assistance fell below an
objective standard of reasonableness and said deficient assistance prejudiced
her/him and allowed the Court to wrongly order termination of her/his parental
rights.

 

            We have reviewed the record of this
proceeding upon which the trial court made its finding that the appeal on the
issues presented in the statement of points was frivolous.  Because the trial
court was asked to recall the testimony of the trial on the merits in making
its frivolousness determination, this review included a review of the record of
the trial on the merits.  We review the trial court’s determination for an
abuse of discretion.  See In the Interest of T.G., No. 04-06-00882-CV, 2007 Tex. App. LEXIS 4187, *3 (Tex. App.—San Antonio May 30, 2007, no pet.) (released for publication August 24, 2007).  

            The trial court did not err in its
determination that an appeal on the issues presented in the statement of points
is frivolous.  We affirm the trial court’s decision.  See In re S.T.,
No. 10-07-00306-CV, 2008 Tex. App. LEXIS 3920 (Tex. App.—Waco May 28, 2008, no pet. h.).  

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed June 11, 2008

[CV06]









[1] Without
a request from this Court for briefing, see Tex. Fam. Code Ann. § 263.405(g) (Vernon Supp. 2007),
appointed counsel proceeded to brief the frivolousness issue.  Counsel
concluded that there was no merit to an appeal of the trial court’s
determination that an appeal on the statement of points was frivolous.  Counsel
thus filed a motion to withdraw as counsel and a supporting Anders
brief.  See Anders v. California, 386 U.S. 738; 87 S. Ct. 1396; 18 L. Ed. 2d 493 (1967).  We have previously held that the Anders
procedures can be utilized when counsel is appointed to represent the parents
in the appeal of a termination case.  In re E.L.Y., 69 S.W.3d 838, 841
(Tex. App.—Waco 2002, order).  In this instance, because we had not requested
briefing, we did not require further compliance with the Anders
procedures.