Affirmed
and Memorandum Opinion filed August 20, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00035-CV

____________

 

IN THE INTEREST OF G.W.P.

 



 

On Appeal from the 315th
District Court

Harris County, Texas

Trial Court Cause No. 2006-08330J

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a trial court=s termination of
appellant Beverly Powell=s parental rights to G.W.P.  In her sole
issue, Powell contends that the evidence is factually insufficient to support
the trial court=s termination order.  Because Powell did
not preserve this issue for our review, we affirm.








To terminate Powell=s parental rights
under Texas Family Code section 161.001, the trial court had to make two
findings: first, that Powell committed at least one of the acts prohibited
under section 161.001(1) of the Texas Family Code, and second, that the
termination of her parental rights was in G.W.P.=s best interest.  Tex. Fam. Code Ann. ' 161.001(1)B(2) (Vernon 2008);
In re J.L., 163 S.W.3d 79, 84 (Tex. 2005).  Here, the trial court made
both required findings in its termination order.  The trial court specifically
determined that Powell engaged in the following three acts, which were each
independently sufficient to support the first required finding: (1) knowingly
placed or knowingly allowed G.W.P. to remain in conditions or surroundings
which endangered his physical or emotional well-being,[1]
(2) engaged in conduct or knowingly placed G.W.P. with persons who engaged in
conduct which endangered his physical or emotional well-being,[2]
and (3) failed to comply with the provisions of a court order that specifically
established the actions necessary for her to obtain the return of G.W.P., who
was in the conservatorship of the Department of Family and Protective Services
for not less than nine months as a result of his removal due to her abuse or
neglect.[3]

As a threshold matter, we must address the
State=s argument that
Powell=s statement of
appellate points did not present her factual sufficiency challenge to the trial
court with sufficient specificity to preserve that issue for appellate review
under Texas Family Code section 263.405(i).  Tex.
Fam. Code Ann. ' 263.405(i) (Vernon 2008).  That section
states:

The appellate court may not
consider any issue that was not specifically presented to the trial court in a
timely filed statement of the points on which the party intends to appeal or in
a statement combined with a motion for new trial.  For purposes of this
subsection, a claim that a judicial decision is contrary to the evidence or
that the evidence is factually or legally insufficient is not sufficiently
specific to preserve an issue for appeal.








Id.  A statement of appellate points does not preserve
an evidentiary sufficiency challenge for appellate review under section
236.405(i) if it does not specifically challenge either (1) each act found by
the trial court that independently supports the first required finding, or (2)
the best interest of the child finding.  See Adams v. Tex. Dep=t of Family &
Protective Servs., 236 S.W.3d 271, 273, 276B78 (Tex. App.CHouston [1st
Dist.] 2007, no pet.) (holding evidentiary review of two acts found by trial
court under section 161.001(1) unnecessary where statement of appellate points
did not preserve error by specifically challenging independent termination
ground, but addressing evidentiary sufficiency challenge of court=s best interest
finding because it was specifically challenged in statement of appellate
points); cf. In re S.T., 263 S.W.3d 394, 398B99 (Tex. App.CWaco 2008, pet.
denied) (holding that where the trial court found that the parent engaged in
multiple acts under section 161.001(1), each of which would have independently
supported a finding of termination, statement of appellate points specifically
challenging evidentiary sufficiency regarding parent=s commission of
each act found by the trial court was sufficient to preserve challenge to the
sufficiency of the evidence supporting termination); see also House
Comm. on Juvenile Justice and Family Issues, Bill Analysis, Tex. H.B. 409, 79th
Leg., R.S. (2005) (stating section 263.405(i) accomplishes the legislative
policy of decreasing postjudgment delay in termination cases by allowing the
trial court to order a new trial immediately if a party points out a mistake
warranting that remedy).

Here, Powell timely filed a statement of
appellate points, which reads in relevant part:

2.A.  Appellant alleges that the
[trial] [c]ourt erred in terminating [m]ovant=s parental rights because there was no evidence to
support the trial court=s ruling.

2.B.  Appellant alleges that the
[trial] [c]ourt erred in terminating [m]ovant=s parental rights because there was legally
insufficient evidence to support the [trial] [c]ourt=s ruling.

2.C.  Appellant alleges that the
[trial] [c]ourt erred in terminating [m]ovant=s parental rights because there was factually
insufficient evidence to support the [trial] [c]ourt=s ruling.

2.D.     Witnesses testified at
trial that Appellant had completed a substantial part of her service plan and
continues to work on her service plan.








This was not sufficiently specific to comply with
section 263.405(i) and preserve Powell=s sole issue for
appellate review.  See Adams, 236 S.W.3d at 273, 276B78.  Points 2.A.
and 2.C. do not specifically challenge any of the trial court=s findings.  See
Tex. Fam. Code Ann. ' 263.405(i); Adams,
236 S.W.3d at 278.  It is unclear whether point 2.D. was meant to apply to
Powell=s factual
sufficiency complaint or some other, unspecified issue.  But even if we assume
that point 2.D. was meant to apply to Powell=s factual
sufficiency challenge and was specific enough to preserve Powell=s challenge to the
trial court=s finding that she failed to comply with its order,
Powell=s appellate points
contain no specific challenge to the trial court=s other findings
that independently justified termination: that she committed other acts
enumerated under section 161.001(1) and that termination was in G.W.P.=s best interest
under section 161.001(2).[4] 
See Tex. Fam. Code Ann. ' 161.001(1)B(2); In re J.L.,
163 S.W.3d at 84 (stating that to terminate parental rights the trial court
need only find that the parent committed one of the acts under section
161.001(1) and that termination is in the child=s best interest
under section 161.001(2)).  Therefore, Powell failed to preserve her factual
sufficiency challenge for our review.  See Tex. Fam. Code Ann. ' 263.405(i); Adams,
236 S.W.3d at 278; cf. In re S.T., 263 S.W.3d at 398B99; see also In
re J.W.H., 222 S.W.3d 661, 662 (Tex. App.CWaco 2007, no
pet.) (overruling all of appellant=s issues for
failure to comply with section 263.405(i)).  We overrule Powell=s sole issue.

Having overruled Powell=s sole issue, we
affirm the trial court=s judgment.

 

 

 

/s/      Leslie
B. Yates

Justice

 

Panel consists of Justices Yates, Guzman, and Sullivan.









[1]  See Tex.
Fam. Code Ann. ' 161.001(1)(D) (Vernon 2008).





[2]  See id. '
161.001(1)(E).





[3]  See id. '
161.001(1)(O).





[4]  Therefore, even if point 2.D. was both meritorious
and sufficiently specific regarding the trial court=s finding that Powell failed to comply with a court
order, it would not have alerted the trial court to a mistake warranting a new
trial.  As a result, addressing Powell=s
appellate issue on the merits would contravene the legislature=s intent in enacting section 263.405(i)Cfurthering the legislative policy of decreasing
postjudgment delay in termination cases.  See House Comm. on Juvenile
Justice and Family Issues, Bill Analysis, Tex. H.B. 409, 79th Leg., R.S.
(2005).