

**IN THE
TENTH COURT OF APPEALS**

_____

**No. 10-09-00216-CV**

**IN THE INTEREST OF B.N., A CHILD**

_____

**From the 85th District Court
Brazos County, Texas
Trial Court No. 08-002607-CV-85**

---

## MEMORANDUM  OPINION

---

Mary, a pseudonym for Appellant, appeals from an order finding that her appeal of the trial court's judgment terminating the parent-child relationship between her and B.N. was frivolous.  The trial court entered an order that terminated her parental rights and named the Texas Department of Family and Protective Services as the child's managing conservator.  The trial court held a hearing pursuant to section 263.405 of the Texas Family Code and determined that the appeal was frivolous.  Mary's complaints raised in her "Statement of the Points or Issues to be Presented on Appeal" and determined to be frivolous are that the trial court erred in the admission of opinion testimony by expert and non-expert witnesses and that the evidence was insufficient for the trial court to have terminated her parental rights based on four predicate acts and the best interest of the child.  Because we find that the trial court did not err in its frivolousness determination, we affirm the judgment of the trial court.

*Frivolousness Determination*

After the trial court entered a judgment that terminated the parental rights of Mary to her child, a hearing was held pursuant to the Texas Family Code relating to indigency and frivolousness of the appeal. TEX. FAM. CODE ANN. § 263.405(d) (Vernon Supp. 2007). The trial court determined that the appeal on the statement of points that had been filed was frivolous. Our review, therefore, is limited solely to the trial court's determination that the appeal is frivolous. TEX. FAM. CODE ANN. § 263.405(g) (Vernon Supp. 2007).

The statement of points raised by the mother and included in her brief to this Court are as follows:

1. The trial court abused its discretion by allowing opinion testimony of non-expert witnesses over the objections of counsel;

2. The trial court abused its discretion by qualifying a non-expert, party-opponent as an expert for the purpose of admitting opinion testimony as to the best interests (sic) of a child over the objection of counsel;

3. The trial court abused its discretion by continually admitting opinion testimony by non-expert witnesses over the objections of counsel;

4. The trial court lacked sufficient evidence to support a finding by clear and convincing evidence that Respondent knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child;

5. The trial court lacked sufficient evidence to support a finding by clear and convincing evidence that Respondent engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child;

6. The trial court lacked sufficient evidence to support a finding by clear and convincing evidence that Respondent constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and: (1) the department or other authorized agency has

made reasonable efforts to return the child to the parent; (2) the mother has not regularly visited or maintained significant contact with the child; and (3) the parent has demonstrated an inability to provide the child with a safe environment;

7. The trial court lacked sufficient evidence to support a finding by clear and convincing evidence that Respondent failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child;

8. The trial court lacked sufficient evidence to support a finding by clear and convincing evidence that termination of the parent-child relationship is in the best interest of the child.

We have reviewed the record of the proceeding upon which the trial court made its finding that the appeal on the issues presented in the statement of points was frivolous. The record from the section 263.405 frivolousness hearing indicates that the trial court based its determination, in part, on the trial court's recollection of the trial on the merits. Because the trial court's frivolous appeal finding is in part based upon the trial on the merits, our review included a review of the reporter's record of the trial on the merits.

"In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002); *see Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524 (Tex. App.—Houston [1st Dist] 2008, no pet.). An appeal is frivolous when it lacks an arguable basis either in law or in fact. *See In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.). We review the trial court's determination for an abuse of discretion. *See In re S.T.*, 263 S.W.3d 394, 398 (Tex. App.—

Waco 2008, pet. den'd.).

*Grounds for Termination and Best Interest*

The trial court terminated Mary's parental rights on the grounds that she: (1) "knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children;" (2) "engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children;" (3) constructively abandoned the children; and (4) "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who have been in the permanent or temporary managing conservatorship of [TDFPS] for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the children." *See* TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (N), (O) (Vernon Supp. 2009).

Sufficient evidence of only one of those four predicate grounds, along with the requisite finding that termination is in the best interest of the child, is sufficient to support the trial court's termination order. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Because our review is limited to the frivolousness finding, we are called on to determine whether the trial court abused its discretion when it decided that a sufficiency challenge to one finding of a predicate act and the best interest of the child failed to present a substantial question for review.

Section 161.001(N), constructive abandonment, has four elements: (1) the child was in the conservatorship of the Department for not less than six months; (2) the Department made reasonable efforts to return the child to the parent; (3) the parent did

not regularly visit the child or maintain significant contact with the child; and (4) the parent demonstrated an inability to provide the child with a safe environment. TEX. FAM. CODE ANN. § 161.001(N) (Vernon Supp. 2009). Mary challenges only the first and third elements in her brief to this Court.

The Department was named the temporary managing conservator in October of 2008. Mary was provided with a family service plan in December of 2008 which set forth the requirements Mary needed to meet in order to have B.N. returned to her. Mary visited with the child in December of 2008. As of June 10, 2009, the date of the final hearing, Mary had not had any visits after December. Mary moved to more than one city during the pendency of the case, and did not maintain contact with the Department after late February or early March of 2009, did not maintain steady employment or housing, and did not complete any of the services required with the exception that she completed her psychological evaluation at the fourth scheduled appointment. We find Mary's contentions to be without merit. The evidence was both legally and factually sufficient for the trial court to have determined that Mary had constructively abandoned B.N.

Further, the evidence must be sufficient for the trial court to have determined that termination was in the best interest of the child. We find it unnecessary to summarize all of the evidence relevant to this element. The evidence presented included that the child exhibited violent behaviors after visits with Mary, but once the visits stopped, so did the violent behaviors. B.N. was in a foster home where the foster parent wanted to adopt B.N. B.N. was calling the foster parent "Mom" by the time of the final hearing and no longer asked about Mary. The guardian ad litem and the two

witnesses from the Department that testified all affirmed that termination was in the best interest of B.N. The attorney ad litem recommended termination. Mary did not appear at the final hearing. We hold that because the evidence was both legally and factually sufficient for the trial court to have found by clear and convincing evidence that termination of the parent-child relationship was in the best interest of B.N., the trial court did not abuse its discretion in its determination that issues six and eight were frivolous. Because it only requires a finding of one predicate act, and we have determined that a challenge to point six asserting the constructive abandonment ground was frivolous, a challenge to the other grounds, points four, five, and seven would be without merit and therefore the trial court did not abuse its discretion in determining those points were likewise frivolous.

*Evidentiary Complaints*

Mary's other issues contained in her statement of points relate to the admission of non-expert opinion testimony and expert testimony. In her brief to this Court, Mary's sole reference to the rules of evidence is based on rule 403, which does not comport with her objection at trial relating to the opinion testimony of non-experts, and therefore presents nothing for review as it relates to our determination of frivolousness. *See* TEX. R. APP. P. 33.1(a). Other than this reference, Mary does not point to what rule of evidence on which she bases her complaints. During the final hearing, Mary objected several times to the witnesses giving non-expert opinions. We note that non-expert opinions are not *per se* inadmissible. *See* TEX. R. EVID. 701. Mary did not express any other basis for her objections.

Mary complains of the trial court's determination that her complaint regarding the admission of testimony by a supervisor working for the Department was frivolous. Mary contends that it was erroneous to allow the witness to testify that engaging in criminal activity endangers a child. The witness testified that engaging in criminal conduct endangers the welfare and well-being of a child without a timely objection. It was right after this answer was given and the objection was then made that the Department sought to have the witness qualified as an expert. The witness testified to other issues, including best interest, which are not included in Mary's complaint as presented to this Court. We find that the trial court did not abuse its discretion in determining that these points in Mary's statement of points for appeal were frivolous. We thus hold that the trial court did not abuse its discretion in determining that points one, two, and three in the statement of points were frivolous.

*Conclusion*

We find that the trial court did not err in its determination that an appeal on the issues presented in the statement of points was frivolous. We affirm the trial court's determination and related order that the appeal was frivolous.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
[CV06]