IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00216-CV

 

In the
Interest of B.N., a Child

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 08-002607-CV-85

 



MEMORANDUM  Opinion










 

            Mary, a pseudonym for Appellant,
appeals from an order finding that her appeal of the trial court’s judgment
terminating the parent-child relationship between her and B.N. was frivolous. 
The trial court entered an order that terminated her parental rights and named
the Texas Department of Family and Protective Services as the child’s managing
conservator.  The trial court held a hearing pursuant to section 263.405 of the
Texas Family Code and determined that the appeal was frivolous.  Mary’s
complaints raised in her “Statement of the Points or Issues to be Presented on
Appeal” and determined to be frivolous are that the trial court erred in the
admission of opinion testimony by expert and non-expert witnesses and that the
evidence was insufficient for the trial court to have terminated her parental
rights based on four predicate acts and the best interest of the child. 
Because we find that the trial court did not err in its frivolousness
determination, we affirm the judgment of the trial court.

Frivolousness Determination

After the trial court entered a judgment that
terminated the parental rights of Mary to her child, a hearing was held
pursuant to the Texas Family Code relating to indigency and frivolousness of
the appeal.  Tex. Fam. Code Ann.
§ 263.405(d) (Vernon Supp. 2007).  The trial court determined that the appeal
on the statement of points that had been filed was frivolous.  Our review,
therefore, is limited solely to the trial court’s determination that the appeal
is frivolous.  Tex. Fam. Code Ann.
§ 263.405(g) (Vernon Supp. 2007).  

The statement of points raised by the mother and
included in her brief to this Court are as follows: 


 The
 trial court abused its discretion by allowing opinion testimony of
 non-expert witnesses over the objections of counsel;


 


 The
 trial court abused its discretion by qualifying a non-expert,
 party-opponent as an expert for the purpose of admitting opinion testimony
 as to the best interests (sic) of a child over the objection of counsel;


 


 The
 trial court abused its discretion by continually admitting opinion
 testimony by non-expert witnesses over the objections of counsel;


 


 The
 trial court lacked sufficient evidence to support a finding by clear and
 convincing evidence that Respondent knowingly placed or knowingly allowed
 the child to remain in conditions or surroundings which endangered the
 physical or emotional well-being of the child;


 


 The
 trial court lacked sufficient evidence to support a finding by clear and
 convincing evidence that Respondent engaged in conduct or knowingly placed
 the child with persons who engaged in conduct which endangered the
 physical or emotional well-being of the child;


 


 The
 trial court lacked sufficient evidence to support a finding by clear and
 convincing evidence that Respondent constructively abandoned the child who
 has been in the permanent or temporary managing conservatorship of the
 Department of Family and Protective Services or an authorized agency for
 not less than six months, and: (1) the department or other authorized
 agency has made reasonable efforts to return the child to the parent; (2)
 the mother has not regularly visited or maintained significant contact
 with the child; and (3) the parent has demonstrated an inability to
 provide the child with a safe environment;


 


 The
 trial court lacked sufficient evidence to support a finding by clear and
 convincing evidence that Respondent failed to comply with the provisions
 of a court order that specifically established the actions necessary for
 the parent to obtain the return of the child who has been in the permanent
 or temporary managing conservatorship of the Department of Family and
 Protective Services for not less than nine months as a result of the
 child’s removal from the parent under Chapter 262 for the abuse or neglect
 of the child;


 


 The
 trial court lacked sufficient evidence to support a finding by clear and
 convincing evidence that termination of the parent-child relationship is
 in the best interest of the child.


 

We have reviewed the record of the proceeding upon
which the trial court made its finding that the appeal on the issues presented
in the statement of points was frivolous.  The record from the section 263.405
frivolousness hearing indicates that the trial court based its determination,
in part, on the trial court’s recollection of the trial on the merits.  Because
the trial court’s frivolous appeal finding is in part based upon the trial on
the merits, our review included a review of the reporter’s record of the trial
on the merits.

“In determining whether an
appeal is frivolous, a judge may consider whether the appellant has presented a
substantial question for appellate review.”  Tex.
Civ. Prac. & Rem. Code Ann. § 13.003(b) (Vernon 2002); see
Lumpkin v. Dep’t of Family & Protective Servs., 260 S.W.3d 524 (Tex.
App.—Houston [1st Dist] 2008, no pet.).  An appeal is frivolous when it lacks
an arguable basis either in law or in fact.  See In re K.D., 202 S.W.3d
860, 866 (Tex. App.—Fort Worth 2006, no pet.).  We review the trial court’s
determination for an abuse of discretion.  See In re S.T., 263 S.W.3d
394, 398 (Tex. App.—Waco 2008, pet. den’d.).  

Grounds for Termination and Best Interest

            The trial court terminated Mary’s parental rights on the grounds that she: (1) “knowingly
placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
children;” (2) “engaged in conduct or knowingly placed the children with
persons who engaged in conduct which endangers the physical or emotional
well-being of the children;” (3) constructively abandoned the children; and (4)
“failed to comply with the provisions of a court order that specifically
established the actions necessary for the parent to obtain the return of the
children who have been in the permanent or temporary managing conservatorship
of [TDFPS] for not less than nine months as a result of the child’s removal
from the parent under Chapter 262 for the abuse or neglect of the children.”  See
Tex. Fam. Code Ann. §
161.001(1)(D), (E), (N), (O) (Vernon Supp. 2009).

Sufficient evidence of only one of those four
predicate grounds, along with the requisite finding that termination is in the
best interest of the child, is sufficient to support the trial court’s
termination order.  See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003).  Because our review is limited to the frivolousness finding, we are called on
to determine whether the trial court abused its discretion when it decided that
a sufficiency challenge to one finding of a predicate act and the best interest
of the child failed to present a substantial question for review.

Section 161.001(N), constructive abandonment, has
four elements:  (1) the child was in the conservatorship of the Department for
not less than six months; (2) the Department made reasonable efforts to return
the child to the parent; (3) the parent did not regularly visit the child or
maintain significant contact with the child; and (4) the parent demonstrated an
inability to provide the child with a safe environment.  Tex. Fam. Code Ann. § 161.001(N) (Vernon Supp. 2009).  Mary challenges only the first and third elements in her brief to this
Court. 

The Department was named the temporary managing
conservator in October of 2008.  Mary was provided with a family service plan
in December of 2008 which set forth the requirements Mary needed to meet in
order to have B.N. returned to her.  Mary visited with the child in December of
2008.  As of June 10, 2009, the date of the final hearing, Mary had not had any
visits after December.  Mary moved to more than one city during the pendency of
the case, and did not maintain contact with the Department after late February
or early March of 2009, did not maintain steady employment or housing, and did
not complete any of the services required with the exception that she completed
her psychological evaluation at the fourth scheduled appointment.  We find
Mary’s contentions to be without merit.  The evidence was both legally and
factually sufficient for the trial court to have determined that Mary had
constructively abandoned B.N.

Further, the evidence must be sufficient for the
trial court to have determined that termination was in the best interest of the
child.  We find it unnecessary to summarize all of the evidence relevant to
this element.  The evidence presented included that the child exhibited violent
behaviors after visits with Mary, but once the visits stopped, so did the
violent behaviors.  B.N. was in a foster home where the foster parent wanted to
adopt B.N.  B.N. was calling the foster parent “Mom” by the time of the final
hearing and no longer asked about Mary.  The guardian ad litem and the two
witnesses from the Department that testified all affirmed that termination was
in the best interest of B.N.  The attorney ad litem recommended termination. 
Mary did not appear at the final hearing.  We hold that because the evidence
was both legally and factually sufficient for the trial court to have found by
clear and convincing evidence that termination of the parent-child relationship
was in the best interest of B.N., the trial court did not abuse its discretion
in its determination that issues six and eight were frivolous.  Because it only
requires a finding of one predicate act, and we have determined that a
challenge to point six asserting the constructive abandonment ground was
frivolous, a challenge to the other grounds, points four, five, and seven would
be without merit and therefore the trial court did not abuse its discretion in
determining those points were likewise frivolous.

Evidentiary Complaints

Mary’s other issues contained in her statement of
points relate to the admission of non-expert opinion testimony and expert
testimony.  In her brief to this Court, Mary’s sole reference to the rules of
evidence is based on rule 403, which does not comport with her objection at
trial relating to the opinion testimony of non-experts, and therefore presents
nothing for review as it relates to our determination of frivolousness.  See
Tex. R. App. P. 33.1(a). 
Other than this reference, Mary does not point to what rule of evidence on
which she bases her complaints.  During the final hearing, Mary objected
several times to the witnesses giving non-expert opinions.  We note that
non-expert opinions are not per se inadmissible.  See Tex. R. Evid. 701.  Mary did not
express any other basis for her objections.  

 

Mary complains of the trial court’s determination
that her complaint regarding the admission of testimony by a supervisor working
for the Department was frivolous.  Mary contends that it was erroneous to allow
the witness to testify that engaging in criminal activity endangers a child. 
The witness testified that engaging in criminal conduct endangers the welfare
and well-being of a child without a timely objection.  It was right after this
answer was given and the objection was then made that the Department sought to
have the witness qualified as an expert.  The witness testified to other
issues, including best interest, which are not included in Mary’s complaint as
presented to this Court.  We find that the trial court did not abuse its
discretion in determining that these points in Mary’s statement of points for
appeal were frivolous.  We thus hold that the trial court did not abuse its
discretion in determining that points one, two, and three in the statement of
points were frivolous.  

Conclusion

            We find that the trial court did not
err in its determination that an appeal on the issues presented in the
statement of points was frivolous.  We affirm the trial court’s determination
and related order that the appeal was frivolous.  

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed September 1, 2010

[CV06]