

# NUMBER 13-09-00676-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF A.F., K.F. AND S.F., CHILDREN

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, A.S., appeals from the trial court's termination of her parental rights to her three children, A.F., K.F., and S.F., and its finding that any appeal of the termination finding would be frivolous.[1] A.S. filed a statement of points on appeal with the trial court, as required by statute. *See* TEX. FAM. CODE ANN. § 263.405(b)(2) (Vernon 2008). After a

---

[1] To protect the privacy of the minor children, we refer to them and the parents by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2008); *see also* TEX. R. APP. P. 9.8(b).

hearing, the trial court concluded that her appeal was frivolous. By two issues, A.S. challenges the trial court's termination and frivolousness findings. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A.S. is the mother of three children, A.F., K.F., and S.F. At the time of trial, the children were three, two, and one years old, respectively. All three children have the same father, who is not a party to this appeal.

On or about December 4, 2008, the Texas Department of Family and Protective Services (the "Department") removed the children from A.S.'s home based on the Department's investigation of a November 26, 2008 traffic stop involving A.S., two of the children, and the children's father. J.T. Smith, an investigator for the Victoria County Sheriff's Department, testified that, during the traffic stop, he found marihuana on the children's father and placed him under arrest. Investigator Smith then conducted a search of the vehicle and found a loaded methamphetamine pipe, a digital scale, a small plastic bag containing a yellowish residue, and four pawn shop receipts.

Investigator Smith also questioned A.S., who admitted that she had a small plastic bag in her purse that contained methamphetamine. A.S. also admitted to using methamphetamine approximately two weeks prior to the traffic stop and that both her and the children's father were marihuana and methamphetamine users.[2]

---

[2] T.F., the children's paternal grandmother, testified to the following regarding A.S. and the children's father's drug use:

> My son and [A.S.] need rehab really bad. My grandkids do not need to go back into their custody. I called these people twice to save my grandkids because my son and [A.S.] will not save themselves. You cannot bring children into the world and not take care of them and not give a crap about them like they have done. . . . Only thing they both care about is that drug that they're doing and where they can get it from next.

In addition, Investigator Smith observed two of A.S.'s children in the vehicle, a young girl and a young boy. Investigator Smith recalled that both were "very dirty" and "very soiled." The infant boy was wearing a diaper that was saturated with urine and was leaking onto his clothes. In fact, his shirt was saturated up to his chest. Moreover, the boy's bottle contained spoiled milk. Investigator Smith did not find any extra diapers or a change of clothes for the children in the car. The young girl did not have any shoes, and it appeared that she was drinking coffee that was apparently purchased at a convenience store. Based on these observations, Investigator Smith did not believe that the children were being properly cared for by A.S. or the children's father.

The children were subsequently removed from A.S.'s home, and the trial court entered temporary orders, which, among other things, required A.S. to pay $50 per month to support the children while they were in the custody of the Department. A.S. did not make any of the court-ordered payments. A.S. was also ordered to attend parenting classes and counseling, neither of which she attended. She also refused to undergo psychological testing and resisted initial efforts to test her for drugs. However, the Department was later able to conduct a hair-follicle test, which revealed that A.S. had recently abused amphetamine and methamphetamine. The only provision of the service plan that A.S. complied with was the procurement of an identification card.

Karen Smithey, a case worker for the Department, testified that while the children were in the Department's custody, A.S. occasionally came to visit. Although A.S. did miss some appointments, Smithey noted that A.S. was good to the children at the visits. However, Smithey further noted that A.S. did not show any parenting skills, which Smithey

3

believed was attributable to A.S.'s failure to attend parenting classes.

Smithey also recalled that neither A.S. nor the children's father would provide information about where they were living. Smithey believed that both parents had been using drugs throughout the investigation of the case and that returning the children to the parents would endanger the children's physical and emotional well-being. Thus, Smithey recommended that the parental rights of both A.S. and the children's father should be terminated.

On November 9, 2009, the trial court conducted a final hearing in this matter. On the morning of the hearing, A.S. called the court to say that she could not attend because she was ill and was going to the local hospital.[3] Even though A.S. was not present in the court room, she was represented at the hearing by counsel, and counsel did not move to continue the hearing. After hearing testimony from several witnesses, the trial court entered a judgment terminating the parents' parental rights to all three children. In particular, the trial court concluded that A.S. had violated sections 161.001(1)(D)-(F) and 161.001(1)(O) of the family code. *See id.* § 161.001(1)(D)-(F), (O) (Vernon Supp. 2009). The court further concluded that the termination of A.S.'s parental rights would be in the best interest of the children. *See id.* § 161.001(2); *see also In re J.L.,* 163 S.W.3d 79, 84 (Tex. 2005).

Shortly thereafter, A.S. filed a motion for new trial and a statement of points on

---

[3] Docket was called at 9:00 a.m. on November 9, 2009; however, A.S. was not present. The State alleges that A.S. called the trial court to report her illness at 9:15 a.m. Upon discovering this, Smithey immediately went to all the local hospitals to meet with A.S., but she was unable to find A.S. at any of the hospitals.

appeal with the trial court.[4]  *See* Tex. Fam. Code Ann. § 263.405(b)(2).  After a hearing, the court entered an order finding A.S.'s points to be frivolous.  This appeal followed.  *See id.* § 263.405(g) (allowing a parent to appeal a finding of frivolousness).

## II. Standard of Review

If a trial court makes a frivolousness finding, an aggrieved parent may appeal; however, the appeal is initially limited to the frivolousness issue.  *See id.*; *see also In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.–Fort Worth 2006, no pet.) ("[O]nce the trial court determined that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding.").  Thus, we must first determine whether the trial court properly found the appeal to be frivolous before we can reach the substantive merits of the appeal.  *See In re S.T.*, 239 S.W.3d 452, 454 (Tex. App.–Waco 2007, pet. denied); *see also Lumpkin v. Tex. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.–Houston [1st Dist.] 2008, no pet.).

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard.  *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.–San Antonio 2006, no pet.); *In re K.D.*, 202 S.W.3d at 866.  Under this standard, we decide whether the trial court acted without reference to guiding rules and principles or if the complained-of act is arbitrary and unreasonable.  *Lumpkin*, 260 S.W.3d at 527 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

Texas Family Code section 263.405(d)(3) directs the trial court to determine whether an appeal from a termination order is frivolous "as provided by section 13.003(b), Civil

---

[4] The trial court denied A.S.'s motion for new trial by an order signed on December 23, 2009.

5

Practices and Remedies Code." TEX. FAM. CODE ANN. § 263.405(d)(3); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002). Section 13.003(b) provides that "[i]n determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b). Therefore, an appeal is frivolous if it lacks an arguable basis in either law or in fact. *See Lumpkin*, 260 S.W.3d at 527 (citing *In re K.D.*, 202 S.W.3d at 866; *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.–San Antonio 1998, no pet.)).

An appeal of a termination order is limited to the issues presented in the statement of points. *See* TEX. FAM. CODE ANN. § 263.405(i); *see also Pool v. Tex. Dep't of Family & Protective Servs.*, 227 S.W.3d 212, 215 (Tex. App.–Houston [1st Dist.] 2007, no pet.). If a trial court concludes that an appeal is frivolous, then the court has necessarily determined that each of the issues identified in the statement of points is frivolous; or, in other words, that they lack a substantial basis in law or fact. *See Lumpkin*, 260 S.W.3d at 527 (citing *In re S.T.*, 263 S.W.3d 394, 398-99 (Tex. App.–Waco 2008, pet. denied)).

### III. ANALYSIS

In the instant case, A.S. argues that she presented substantial questions for appellate review concerning the statutory basis for the termination of her parental rights. Specifically, A.S. contends that the evidence was legally and factually insufficient to support the trial court's order terminating her parental rights based on several statutory grounds. *See* TEX. FAM. CODE ANN. § 161.001(1) (listing grounds for the termination of parental rights).

6

## A.    Applicable Law

In proceedings to terminate the parent-child relationship brought under section 161.001 of the family code, the petitioner must establish by clear and convincing evidence that one statutory ground for termination is satisfied and that the termination of the parents rights are in the best interest of the child.  *Id.* § 161.001; *see In re J.L.*, 163 S.W.3d at 84. "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  TEX. FAM. CODE ANN. § 101.007 (Vernon 2008).

"When the trial court conducts a frivolousness hearing on an appellant's proposed legal and factual sufficiency issues, the trial court should apply the [applicable] standard[s] of review."  *In re K.D.*, 202 S.W.3d at 867-68.  In reviewing the legal sufficiency of the evidence supporting parental termination, the evidence is viewed in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.  *See In re J.L.*, 163 S.W.3d at 85 (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)); *see also In re K.D.*, 202 S.W.3d at 867.  In a factual sufficiency review, the court must determine whether, on the entire record, a reasonable trier of fact could have formed a firm belief or conviction that its finding was true by considering whether a reasonable fact-finder could not have resolved disputed evidence in favor of its finding.  *See In re J.F.C.*, 96 S.W.3d at 266; *see also In re K.D.*, 202 S.W.3d at 867.  Thus, the question in this case is whether the trial court abused its discretion by determining that the evidence was such that a fact-finder could reasonably form a firm belief or conviction that A.S. violated section 161.001(1) of the family code and that

7

termination is in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(1); *see also In re K.D.*, 202 S.W.3d at 868.

## B. Statutory Grounds for Termination

Here, the trial court concluded that A.S.: (1) "knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the child"; (2) "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child"; (3) "failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition"; and (4) failed to comply with the provisions of the court order necessary for her "to obtain the return of the child." *See* TEX. FAM. CODE ANN. § 161.001(1)(D)-(F), (O).

Under section 161.001(1)(E) of the family code, a parent's rights may be terminated if it is established by clear and convincing evidence that the parent has "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." *Id.* § 161.001(1)(E). In analyzing this subsection, "we look exclusively to the parents' conduct, including actions, omissions, or the parents' failure to act." *Williams v. Williams*, 150 S.W.3d 436, 450 (Tex. App.–Austin 2004, pet. denied) (citing *In re D.M.*, 58 S.W.3d 801, 811 (Tex. App.–Fort Worth 2001, no pet.)). Termination based on this subsection must be premised on more than a single act or omission; a voluntary, deliberate, and conscious "course of conduct" that endangered the children's physical and emotional well-being is required. *Id.* (citing *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 534 (Tex. 1987); *In re D.M.*, 58

8

S.W.3d at 811). "Endanger" means to expose to loss or injury or to jeopardize. *See In re M.C.*, 917 S.W.2d 268, 270 (Tex. 1996). The endangering acts need not have been directed at the children or have caused an actual injury or threat of injury to the children to constitute conduct that endangers the children's physical or emotional well-being. *Id.* at 269. Moreover, acts directed at the parent's other children may be considered when determining endangerment to the children that are the subject of the termination proceedings. *See In re Baby Boy R.*, 191 S.W.3d 916, 925 (Tex. App.–Dallas 2006, pet. denied) (citing *Lucas v. Tex. Dep't of Protective and Regulatory Servs.*, 949 S.W.2d 500, 503 (Tex. App.–Waco 1997, writ denied), *disapproved on other grounds by In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002); *Trevino v. Tex. Dep't of Protective & Regulatory Servs.*, 893 S.W.2d 243, 248 (Tex. App.–Austin 1995, no writ)).

In the instant case, the Department presented evidence that A.S. abused and continues to abuse drugs, specifically marihuana, amphetamine, and methamphetamine. During the traffic stop, Investigator Smith found a loaded methamphetamine pipe, a digital scale, and a small plastic bag containing a yellowish residue. In addition, Investigator Smith found a small plastic bag containing methamphetamine in A.S.'s purse. A.S. told Investigator Smith that: (1) the children's father is a manufacturer of methamphetamine; (2) she had used methamphetamine approximately two weeks prior to the traffic stop; and (3) she and the children's father were both regular abusers of marihuana and methamphetamine. Moreover, the Department tendered the results of the hair-follicle test that was conducted on A.S., which revealed that she had tested positive for amphetamine and methamphetamine. The Department also presented evidence that A.S. repeatedly

9

refused to submit to drug testing.

On appeal, A.S. argues that the testimony that she had used drugs is not a sufficient basis to terminate her parental rights. She further argues that there is no evidence that either she or the children's father had used drugs in the presence of the children. However, Texas courts have held that conduct that subjects a child to a life of uncertainty and instability may endanger the child's physical and emotional well-being under subsection 161.001(1)(E). *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.–Fort Worth 2004, pet. denied) (citing *In re S.D.*, 980 S.W.2d 758, 763 (Tex. App.–San Antonio 1998, pet. denied)); *see In re J.O.A.*, 283 S.W.3d 336, 345 n.4 (Tex. 2009). Furthermore, drug use and its effect on a parent's life and ability to parent may establish an endangering course of conduct. *See In re R.W.*, 129 S.W.3d at 739 (citing *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.–1995, no writ)); *see also In re A.O.*, No. 2-09-005-CV, 2009 Tex. App. LEXIS 4857, at *11 (Tex. App.–Fort Worth June 25, 2009, no pet.) (mem. op.) ("Parental and care[-]giver illegal drug use supports a conclusion that the children's surroundings endanger their physical or emotional well-being.") (citing *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.–Fort Worth 2003, no pet.); *In re S.D.*, 980 S.W.2d at 763; *In re M.M.*, No. 02-08-00029-CV, 2008 Tex. App. LEXIS 9237, at *17 (Tex. App.–Fort Worth Dec. 11, 2008, no pet.) (mem. op.)).

Based on the record before us, we conclude that a reasonable fact-finder could have formed a firm belief or conviction that A.S. engaged in a course of conduct—the abuse and possession of illegal narcotics—that endangered all three of her children. *See* TEX. FAM. CODE ANN. § 161.001(1)(E); *see also In re Baby Boy R.*, 191 S.W.3d at 925;

*Lucas*, 949 S.W.2d at 503; *Trevino*, 893 S.W.2d at 248. Thus, we hold that the evidence supporting termination under section 161.001(1)(E) of the family code is legally and factually sufficient. Given our holding, we need not address the remaining grounds for termination specified in the trial court's order. *See* TEX. R. APP. P. 47.1; *see also In re S.T.*, 263 S.W.3d at 402-03; *In re D.M.*, 58 S.W.3d at 813 (stating that, because only one finding alleged under section 161.001(1) is necessary to a judgment of termination, a reviewing court affirming one ground need not address other grounds for termination) (citing *In re S.F.*, 32 S.W.3d 318, 320 (Tex. App.–San Antonio 2000, no pet.)). However, in order to uphold the judgment of termination, we must also examine the sufficiency of the evidence as it relates to the best interest of the children. *See In re D.M.*, 58 S.W.3d at 813-14; *see also In re J.O.C.*, 47 S.W.3d 108, 114 (Tex. App.–Waco 2001, no pet.).

**C.     Best Interest of the Children**

There is a strong presumption that the best interest of the child is served by keeping custody in the natural parent. *See In re K.C.M.*, 4 S.W.3d 392, 393-95 (Tex. App.–Houston [1st Dist.] 1999, pet. denied); *see also Ziegler v. Tarrant County Child Welfare Unit*, 680 S.W.2d 674, 676 (Tex. App.–Fort Worth 1984, writ ref'd n.r.e.). However, in determining whether termination is in a child's best interest, the fact-finder may consider the following non-exhaustive list of factors outlined by the Texas Supreme Court: (1) the desires of the child; (2) the present and future physical and emotional needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the person seeking custody; (5) the programs available to assist those persons in promoting the best interest of the child; (6) the plan for the child by those individuals or

by the agency seeking custody; (7) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not appropriate; (8) the stability of the home or proposed placement; and (9) any excuse for the acts or omissions of the parents. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *see In re D.M.*, 58 S.W.3d at 814. "'Best interest' does not require proof of any unique set of factors, nor does it limit proof to any specific factors." *In re D.M.*, 58 S.W.3d at 814 (citing *Holley*, 544 S.W.2d at 371-72). The party seeking termination need not prove that each of the *Holley* factors favors termination, and the same evidence of acts or omissions used under section 161.001(1) of the family code may be probative in determining the best interests of the child. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002); *see also In re A.A.A.*, 265 S.W.3d 507, 516 (Tex. App.–Houston [1st Dist.] 2008, pet. denied).

The trial court heard testimony that A.S. is a drug user who repeatedly refused to submit to drug testing. In addition, at the time of the traffic stop, two of the children were found in the vehicle with A.S. and the children's father, both of whom were in possession of illegal drugs and drug paraphernalia while in the presence of the children. The children were very dirty; Investigator Smith testified that the little boy was sitting in his own urine. Investigator Smith further testified that the little boy had spoiled milk in his bottle and that the little girl was drinking coffee obtained from a convenience store. Moreover, since the children have been in the custody of the Department, A.S. has failed to make any court-ordered child support payments and has refused to attend counseling and parenting classes. While A.S. has attended some scheduled visitations with her children, Smithey testified that many appointments were missed and that A.S. did not demonstrate the ability

to properly care for the children.  Finally, we find it telling that A.S. failed to attend the final hearing on the termination of her parental rights and represented to the trial court that she was ill and going to the local hospital, yet medical documents contained in the record reveal that A.S. did not go to the hospital until 9:33 p.m. on the evening of the hearing. Furthermore, the record shows that A.S. only stayed at the hospital for thirty minutes and was not seen by a doctor.

Considering all of the evidence contained in the record, we hold that a reasonable fact-finder could have formed a firm belief or conviction that it was in the best interest of the children for A.S.'s parental rights to be terminated; thus, the evidence supporting the trial court's best interest finding is legally and factually sufficient.  *See In re S.T.*, 263 S.W.3d at 402-03; *see also In re J.L.*, 163 S.W.3d at 85; *In re J.F.C.*, 96 S.W.3d at 266; *In re K.D.*, 202 S.W.3d at 867.  Because we have concluded that the evidence supporting the termination of A.S.'s parental rights is legally and factually sufficient, we hold that the trial court did not abuse its discretion in determining that A.S.'s appeal was frivolous.  *See Lumpkin*, 260 S.W.3d at 526; *In re M.N.V.*, 216 S.W.3d at 834; *In re K.D.*, 202 S.W.3d at 866.  Accordingly, we overrule both of A.S.'s issues on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
ROGELIO VALDEZ,
Chief Justice

Delivered and filed the
12th day of August, 2010.

13